KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Paul and Leslie Seligmann

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul and Leslie Seligmann, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Midland Funding, LLC aka Midland Credit Management; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, Paul and Leslie Seligmann, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Paul and Leslie Seligmann (hereafter "Plaintiffs"), are adult individuals residing in Scottsdale, Arizona, and are each a "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Midland Funding, LLC aka Midland Credit Management (hereafter "Midland"), is a company with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to the Plaintiffs. One or more of the

2

1  Collectors may be joined as parties once their identities are disclosed through
2  discovery.
3
4  7.  Midland at all times acted by and through one or more of the Collectors.
5
6  **ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

8.  The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.  The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.  The alleged Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11.  The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Midland Engages in Harassment and Abusive Tactics**

12.  Within the last year, Midland took legal action against Plaintiffs in the McDowell Mountain Justice Court in an attempt to collect the Debt.

13.  Plaintiffs filed a Motion to Dismiss Midland's legal action against them.

3

14. On or about May 19, 2011, the McDowell Mountain Justice Court entered an Order granting the Motion to Dismiss the case with prejudice.

15. However, despite the Court Order dismissing Midland's legal action against Plaintiffs, Midland has continued to attempt to collect the Debt from them.

16. In August of 2011, Midland was still reporting the Debt on Plaintiffs' credit to all three credit bureaus stating that with Experian, "[a]ccount seriously past due date/account assigned to attorney, collection agency, or credit grantor's internal collection dept."

17. In August of 2011, Midland reported to Transunion that the account was "placed for collection."

18. In August of 2011, Midland reported to Equifax that the account was a "collection account."

19. Midland misrepresented the status of the Debt to all three credit bureaus, and thereby damaged Plaintiffs and their credit scores.

20. In September, 2011, Lemberg & Associates, LLC mailed Midland and the three major credit bureaus a demand to have the erroneous credit reporting removed from Plaintiffs' credit reports, and the erroneous reported information has since been deleted from Plaintiffs' credit reports with all three credit bureaus.

4

21. In addition to erroneously reporting the Debt on Plaintiffs' credit reports, Defendants also kept attempting to collect the alleged Debt via written correspondence up through September 15, 2011.

### C. Plaintiffs Suffered Actual Damages

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

5

27. The Defendants communicated credit information which was known or which should have been known to be false, including the failure to communicate that the debt was disputed to the credit bureaus, in violation of 15 U.S.C. § 1692e(8).

28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 16, 2011　　　　　LEMBERG & ASSOCIATES, LLC


By: __/s/   Kindra Deneau__
Kindra Deneau

Attorney for Plaintiffs
Paul & Leslie Seligmann